[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10707
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00068-JES-DNF-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES MIRANDA,
a.k.a. Fat Boy,
a.k.a. Shawn,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

James Miranda appeals his 120-month sentence imposed after pleading guilty to conspiracy to possess with intent to distribute oxycodone, distribution of oxycodone, and distribution of cocaine. He argues that the district court erred in denying his request for a mitigating-role adjustment under the Sentencing Guidelines. After careful review, we affirm.

I.

Miranda pleaded guilty to conspiracy to possess with intent to distribute oxycodone in violation of 21 U.S.C. § 846, multiple counts of distribution of oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and multiple counts of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). At sentencing, the district court adopted the factual findings in the presentence investigation report ("PSI"), and held Miranda accountable for 7,109 pills of oxycodone, the total number of pills distributed by the whole conspiracy during the period he was a member of it. Miranda sold oxycodone as part of a conspiracy to unlawfully acquire prescription drugs (primarily oxycodone) and distribute them. According to the PSI, when law enforcement officers visited the drug house under surveillance in order to purchase drugs, Miranda would usually be the person selling the drugs. The PSI also indicated that Miranda played a larger role in the conspiracy than merely selling drugs: he seemingly protected the drug

2

house with a loaded shotgun pointed at the entrance; he screened prospective buyers to ensure they were not law enforcement officers by questioning buyers and, sometimes, forcing them to use the drugs before buying them; and he arranged for future transactions by giving buyers his cell phone number.

Based on the number of pills involved, the total offense level was 31. Although Miranda requested a reduction for his minor role in the offenses, the court did not apply a mitigating-role adjustment. The offense level, combined with a criminal history category of III, resulted in a guideline range of 135-168 months. The district court departed downward from this range and sentenced Miranda to 120 months' imprisonment. This is Miranda's appeal.

## II.

We review a district court's determination of a defendant's role in the offense, a finding of fact, only for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). At sentencing, the defendant has the burden of proving a mitigating role in the offense by a preponderance of the evidence. *Id*. at 939. "[A] district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." *Id*. at 940. We should affirm "[s]o long as the basis of the [district] court's decision is supported by the record *and* does not

3

involve a misapplication of a rule of law." *Id*. at 945.

### III.

A district court may grant a 4-level reduction in the offense level to a "minimal participant" in the crime, a 2-level reduction to a "minor participant," and a 3-level reduction to cases falling in between. U.S.S.G. § 3B1.2. A "minimal participant" is a defendant who is "plainly among the least culpable of those involved in the conduct of a group," and a "minor participant" is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (nn. 4-5).

In making the mitigating-role determination, the district court must first measure the defendant's role against the relevant conduct for which he has been held accountable. *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment . . . ." *Id*. at 944. Second, to the extent the record permits, the court may measure the defendant's culpability in comparison to that of other participants in the relevant conduct. *Id*. The district court may grant a reduction only if the defendant was less culpable than most other participants. *Id*.

4

Miranda argues that the district court clearly erred in denying a mitigating-role adjustment because he was not personally responsible for the quantity of drugs for which he was held accountable. We disagree. Although he was held accountable for more drugs than he personally sold, the record supports a conclusion that Miranda was neither a minor participant nor a minimal one. As discussed above, he played a larger role in the conspiracy than selling drugs, and the record does not indicate that he sold an insignificant portion of the drugs for which he was held accountable.

Additionally, the record reflects that Miranda was not, as he suggests, the "bottom person in the hierarchy." Although he did not organize the conspiracy or acquire the drugs for it, he served an integral role by routinely selling drugs out of a house over a period of approximately four months. *See United States v. Matthews*, 168 F.3d 1234, 1249 (11th Cir. 1999) ("The district court, considering a drug distribution conspiracy, is justified in denying a downward departure . . . to any defendant who regularly sells . . . drugs . . . ."). The record supports a conclusion that Miranda was no less culpable than some other members of the conspiracy, such as those who acquired the oxycodone.

Because we conclude that the district court did not clearly err in denying Miranda's request for a mitigating-role adjustment, we affirm.

5

**AFFIRMED.**